THE SECURITY COMPANY *vs.* GEORGE P. BRINLEY AND
OTHERS.

A testator gave to trustees $100,000 to hold for and pay the income equally
to three sons and one daughter during their lives, with a provision that
if any one of them should die leaving children his or her share should
be transferred to such children free from the trust, and that $5,000
advanced to the daughter should "be taken as so much of her share
and as a part of the $100,000, thus giving her the use of $20,000 instead
of $25,000." The executors transferred to the trustees assets of the
value of $95,000, and delivered them the receipt held by the testator
for the $5,000 advancement. One of the sons died leaving a child.
At this time the fund of $95,000 had become reduced to $82,000. Held
that the $5,000 advanced to the daughter was not to be affected by the
reduction of the rest of the fund, and was not to be added to the $82,000
in determining the amount to which the child was entitled—but that the
child's share was five nineteenths of that sum.

AMICABLE SUBMISSION to the Superior Court in Hartford
County, upon an agreed statement of facts, of a question
regarding the construction of the will of John Grou, the
parties being the Security Company as guardian of Helen
A. Grou, the trustees of the estate, and Thomas J. Vail
and wife. The case was reserved for the advice of this
court. The facts are fully stated in the opinion.

*W. Hamersley*, for the trustees.

*R. D. Hubbard*, for Thomas J. Vail and wife.

PARDEE, J. John Grou died at Hartford in 1866, leav-
ing a will, making the following bequest: "I give, devise
and bequeath to George Brinley, Oliver G. Terry, and
William J. Hamersley, and their successors in office, the
sum of one hundred thousand dollars, to have and to hold
the same upon the trust and confidence following:—that is
to say, they shall invest and hold the same for the use and
benefit of my four children, John Grou, Jr., George Grou,
Mary J. Vail, and William D. Grou, during their natural

lives, and shall pay to them equally the rents, dividends, increase and income thereof annually, after deducting the expenses of said trust, one fourth to each during his or her life. If any of my children should die leaving issue living at their decease, his share or her share shall then be transferred to said children free from said trust, but if any should die leaving no children, the same shall be held in trust for the use and benefit of the survivors, and if all die without issue then the estate is to go to my legal heirs. . . The five thousand dollars advanced to Mary J. Vail shall be considered an advancement, and shall be taken as so much of her share of my estate, and as a part of the one hundred thousand dollars, thus giving her the use of twenty thousand dollars instead of twenty-five thousand dollars."                    •

On May 19th, 1869, the executors transferred to the trustees assets of the value of $95,000 and added thereto Mrs. Vail's advancement of $5,000 ; from that date to October 8th, 1879, the latter annually divided the net income therefrom between the four children of the testator in the following proportions, namely, five nineteenths to each of the three sons and four nineteenths to the daughter. Upon the last date John Grou, Jr., died, leaving one child, of whom the Security Company is the legally appointed guardian. The present value of the fund is $82,078—omitting the $5,000 advanced to Mrs. Vail.

The Security Company, as guardian, insists that it has the right to receive from the trustees one fourth part of the present value of $82,078, and also one fourth part of the advancement to Mrs. Vail, (or one fourth part of $87,078,) and in the distribution is entitled to receive its share from assets other than the $5,000 advanced to her.

Mrs. Vail insists that the plaintiff is entitled to receive only five nineteenths of $82,078, and no portion of the advancement.

This court is asked to advise the Superior Court as to the proper rule of division.

The advancement to Mrs. Vail became her property abso-

lutely; her father could not recall the gift and make it a substantial part of any testamentary fund which he might create. Therefore in reality he established a fund of $95,000 only; presumably mentioning the advancement only by way of explanation of the difference between the shares of the sons and that of the daughter; for having served this purpose it disappears from his scheme for the yearly division of income and the recurring divisions of the principal by force of his declaration that she should have "the use of $20,000, instead of $25,000." The testator herein exercised his right to place a limitation upon the application of the law of hotchpot to his bequest; hereby, in reality, he made the division at the outset once and forever; that is the first and last opportunity given by him for the application of that law. The fact that the share of each went into the keeping of trustees rather than into his or her own, offers no subsequent occasion for its operation; in the intent of the testator that was merely a matter of safe keeping. The fact that a share of the son suffered diminution in the hands of the trustees gives him no more right to have the deficiency made good from the daughter's advancement than if it had been given to him absolutely and he had lost it.

As to her advancement Mrs. Vail enjoys all the privileges and assumes all the risks incident to ownership. The addition of it to the fund being nominal and not real, it could neither be made the basis of a claim by her to a portion of the increase of the fund nor of an obligation upon her to bear a portion of the losses from it. To the real fund of $95,000 she contributed four nineteenths, or $20,000, and each of her brothers five nineteenths, or $25,000. By command of the testator they are to share in that proportion income, gains, losses and principal at each division. Thus there is equality at the beginning, during the continuance, and at the termination of the trust, with this distinction, that Mrs. Vail was made trustee for herself to the extent of $5,000; therefore no account can be taken in reference to that sum.

By way of illustration we may suppose the real fund of $95,000 to be reduced to $15,000 and that the time had arrived for taking out the portions of the three sons. If we continue to apply the law of hotchpot to Mrs. Vail and compel her to raise that sum to $20,000 by the addition in reality of her gift, and take therefrom the portions of the sons, upon the rule claimed by the plaintiff that as each originally put in one fourth of the real fund he is entitled to draw out in that proportion, the three will absorb the $15,000 leaving to Mrs. Vail only what was her own before the testator's death; because of that gift she would be entirely excluded from participation in a fund to which her contribution as compared to that of each son was as four to five nineteenths. There would be a transfer to her $5,000, which had never been put at risk in the hands of the trustees, a portion of the loss from the $75,000 put at risk by the sons. Again, the same rule applied to an increased fund would take from the sons a portion of the profits earned by the $75,000 which they actually put at risk and give it to the $5,000 which Mrs. Vail had not put at risk; each result being a violation of the provision of the will that she should gain and lose as twenty is to twenty-five; in other words that her gift should not draw to itself any part of the additions to or losses from the $95,000.

The Superior Court is advised that the Security Company, as guardian of Helen Adelaide Grou, is entitled to receive from the trustees under the will five nineteenths of the principal of the fund as the fund stood at the time of the death of John Grou, Jr., excluding the advancement to Mrs. Vail.

In this opinion the other judges concurred.